**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JAMES L. KOPECKY, FEDERAL EQUITY RECEIVER FOR JAFIA, LLC, SAM IKKURTY A/K/A SREENIVAS I RAO, IKKURTY CAPITAL LLC D/B/A ROSE CITY INCOME FUND I, ROSE CITY INCOME FUND II LP, AND SENECA VENTURES, LLC, *etc*. | ) ) ) ) ) ) ) |
| Plaintiff, | ) Civil Action No. 1:25-cv-01352 ) ) |
| v. | ) ) ) |
| MANMAHAN GOPALUNI, TRUSTEE OF THE EXOPP LLC DEFINED BENEFIT PENSION PLAN, NEERAV N. AMIN, PRASANNA KUMAR KOTA, BALA KANCHARLA, KUMAR SRIPADAM, AS TRUSTEE OF THE SRIPADAM FAMILY TRUST, RADHA MADHAVI PATNAYAKUNI, SRINIVAS BHEEMREDDY, PRIYA PATIL, SUN SHINE IRA, LLC, POOJITHA KURAGANTI, and SUNIL OLETI, | ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants, | ) ) |
| and | ) ) |
| TD AMERITRADE CLEARING, INC., ADVANTA IRA SERVICES, LLC, and FORGE TRUST COMPANY f/k/a IRA SERVICES TRUST COMPANY, | ) ) ) ) ) |
| Relief Defendants. | ) ) |

## <u>COMPLAINT</u>

James L. Kopecky brings this suit in his capacity as court-appointed federal equity

1

receiver ("Receiver") for Jafia, LLC ("Jafia"), Sam Ikkurty a/k/a Sreenivas I Rao, Ikkurty Capital LLC d/b/a Rose City Income Fund I ("Rose City Income Fund I"), Rose City Income Fund II LP (Rose City Income Fund II"), and Seneca Ventures, LLC ("Seneca Ventures"), and any affiliates or subsidiaries owned or controlled by the foregoing individuals and entities (collectively, the "Receivership Entities") and of all funds, properties, premises, accounts, and income now or hereafter due or owing to the Receivership Entities and other assets directly or indirectly owned, beneficially or otherwise, by the Receivership Entities.

## SUMMARY OF THE ACTION

1.     The Receiver files this action to set aside fraudulent conveyances by the Receivership Entities in connection with their operation of a Ponzi scheme that was shut down by the Commodity Futures Trading Commission.

## THE PARTIES

2.     Mr. Kopecky was appointed as Receiver in that certain case captioned *Commodity Futures Trading Commission v. Sam Ikkurty a/k/a Sreenivas I Rao, Ravishankar Avadhanam, Jafia LLC, Ikkurty Capital, LLC d/b/a Rose City Income Fund I, Rose City Income Fund II LP, and Seneca Ventures, LLC*, United States District Court for the Northern District of Illinois, Civil Action No. 1:22-cv-2465 (the "CFTC Action") by Order dated July 18, 2022 (CFTC Action, Dkt. 37) and reappointed as Receiver by Order entered January 22, 2025 (CFTC Action, Dkt. 421).

3.     Manmohan Gopaluni, as Trustee of the EXOPP LLC Defined Benefit Pension Plan ("EXOPP"), is a citizen of the State of Texas.

4.     Neerav N. Amin is a citizen of the State of Michigan.

5. Prasanna Kumar Kota is a citizen of the State of Florida.

6. Bala Kancharla is a citizen of the State of Virginia.

7. Kumar Sripadam, as Trustee of the Sripadam Family Trust, is a citizen of the State of California.

8. Radha Madhavi Patnayakuni is a citizen of the State of Florida.

9. Srinivas Bheemreddy is a citizen of the District of Columbia.

10. Priya Patil is a citizen of the State of California.

11. Sun Shine IRA, LLC ("Sun Shine") is a dissolved limited liability company that was organized under the laws of the State of Connecticut.

12. Poojitha Kuraganti is a former member of Sun Shine and a citizen of the State of Connecticut.

13. Sunil Oleti is a former member of Sun Shine and a citizen of the State of Connecticut.

14. TD Ameritrade Clearing, Inc. is the custodian for EXOPP LLC and a corporation organized under the laws of the State of Nebraska.

15. Advanta IRA Services, LLC is the custodian of Neerav Amin IRA Account No. 1524144 and a limited liability company organized under the laws of the State of Florida.

16. Forge Trust Company is the custodian for Prasanna Kumar Kota IRA Account No. 849467, Bala Kancharla IRA Account No. 838366, and Priya Patil IRA Account No. 767323 and a corporation organized under the laws of the State of South Dakota.

3

## JURISDICTION AND VENUE

17.     This Court may exercise personal jurisdiction over each defendant pursuant to 28 U.S.C. § 1692, 28 U.S.C. § 754, and Federal Rule of Civil Procedure 4(k)(1)(D), and venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b).

18.     This Court possesses subject matter jurisdiction over the claims and controversies pled herein because this action is ancillary to the CFTC Action.

## FACTUAL BACKGROUND

19.     Sam Ikkurty (formerly known as Sreenivas I Rao) launched various investment funds, including Rose City Income Fund I, Rose City Income Fund II, and Seneca Ventures (collectively, the "Funds"), and sold participating interests to individuals and entities who were enticed to invest based on forecasts of superior risk-adjusted returns and promises of steady distributions based on trades in digital currencies.

20.     The Funds were a Ponzi scheme because the cash received from new investors was used to partially to pay the returns promised to existing investors and partially to enrich Sam Ikkurty and his business partner Ravishankar Avadhanam.

21.     Money received from investors was deposited into bank accounts owned by the Funds or controlled by Sam Ikkurty or Ravishankar Avadhanam, and the cash in those accounts was frequently commingled or transferred to accounts controlled by Ikkurty and Avadhanam, including accounts held by offshore entities.

22.     Ikkurty and Avadhanam perpetuated the scheme with false statements about the nature of the investments made by the Funds, the historical returns of the Funds, and the amount of the management fee being charged to the Funds.

4

23.     The Funds consistently operated at a loss, there were no real earnings or profits, and the liabilities of the Receivership Entities at all relevant times exceeded their assets.

24.     The Receivership Entities were at all times insolvent, unable to pay their debts as they became due, and had unreasonably small capital at all times due to the amount of their liabilities, including those resulting from investor claims, and the significant difference between the book value and a fair valuation of their assets.

**COUNT I**
**Avoidance And Recovery Of Actual Fraudulent Transfers**
**Against EXOPP**

25.     The Receiver incorporates the allegations of Paragraphs 19-24 as though fully set forth herein.

26.      EXOPP received transfers of funds from the Receivership Entities in connection with the operation of a Ponzi scheme in which the Receivership Entities intended to hinder, delay, or defraud their creditors.

WHEREFORE, James L. Kopecky, as Federal Equity Receiver for Jafia, LLC, Sam Ikkurty a/k/a Sreenivas I Rao, Ikkurty Capital LLC d/b/a Rose City Income Fund I, Rose City Income Fund II LP, and Seneca Ventures, LLC respectfully requests that this Court enter judgment in his favor and against defendant EXOPP in the amount of the actual fraudulent transfers by the Receivership Entities to EXOPP, plus pre- and post-judgment interest, fees, and costs to the extent provided by law; and grant such further and other relief as the Court may deem just and equitable.

## COUNT II
### Avoidance And Recovery Of Actual Fraudulent Transfers
### (Alternative To Count I)
### Against EXOPP

27.     The Receiver incorporates the allegations of Paragraphs19-24 as though fully set forth herein.

28.     EXOPP received transfers of funds from the Receivership Entities without receiving reasonably equivalent value.

29.     At the time that EXOPP received these transfers, the Receivership Entities were engaged or were about to engage in business or transactions for which their remaining assets were unreasonably small in relation to the business or transaction.

30.     At the time that EXOPP received these transfers, the Receivership Entities intended to incur, or believed or reasonably should have believed that they would incur debts beyond their ability to pay as they came due.

31.     The amount by which the funds transferred to EXOPP by the Receivership Entities (as alleged profits) exceeded the amount of the funds transferred to the Receivership Entities by EXOPP (for fund investment) constituted "Net Gains."

32.     The Net Gains received by EXOPP constitute actual fraudulent transfers.

WHEREFORE, James L. Kopecky, as Federal Equity Receiver for Jafia, LLC, Sam Ikkurty a/k/a Sreenivas I Rao, Ikkurty Capital LLC d/b/a Rose City Income Fund I, Rose City Income Fund II LP, and Seneca Ventures, LLC respectfully requests that this Court enter judgment in his favor and against defendant EXOPP in the amount of the Net Gains, plus pre- and post-judgment interest, fees, and costs to the extent provided by law; and grant such further and other relief as the Court may deem just and equitable.

6

## COUNT III
### Avoidance And Recovery Of Constructive Fraudulent Transfers
### (Alternative To Counts I and II)
### Against EXOPP

33.     The Receiver incorporates the allegations of Paragraphs 19-24 above as though fully set forth herein.

34.     EXOPP received transfers of funds from the Receivership Entities without receiving reasonably equivalent value.

35.     The Receivership Entities were insolvent at the time that EXOPP received these transfers.

36.     The amount by which the funds transferred to EXOPP by the Receivership Entities (as alleged profits) exceeded the amount of the funds transferred to the Receivership Entities by EXOPP (for fund investment) constituted "Net Gains."

37.     The Net Gains received by EXOPP constitute constructive fraudulent transfers.

WHEREFORE, James L. Kopecky, as Federal Equity Receiver for Jafia, LLC, Sam Ikkurty a/k/a Sreenivas I Rao, Ikkurty Capital LLC d/b/a Rose City Income Fund I, Rose City Income Fund II LP, and Seneca Ventures, LLC respectfully requests that this Court enter judgment in his favor and against defendant EXOPP in the amount of the Net Gains, plus pre- and post-judgment interest, fees, and costs to the extent provided by law; and grant such further and other relief as the Court may deem just and equitable.

## COUNT IV
## Avoidance And Recovery Of Actual Fraudulent Transfers
## Against Neerav N. Amin

38.     The Receiver incorporates the allegations of Paragraphs 19-24 as though fully set forth herein.

39.     Amin received transfers of funds from the Receivership Entities in connection with the operation of a Ponzi scheme in which the Receivership Entities intended to hinder, delay, or defraud their creditors.

WHEREFORE, James L. Kopecky, as Federal Equity Receiver for Jafia, LLC, Sam Ikkurty a/k/a Sreenivas I Rao, Ikkurty Capital LLC d/b/a Rose City Income Fund I, Rose City Income Fund II LP, and Seneca Ventures, LLC respectfully requests that this Court enter judgment in his favor and against defendant Neerav N. Amin in the amount of the actual fraudulent transfers by the Receivership Entities to Neerav N. Amin, plus pre- and post-judgment interest, fees, and costs to the extent provided by law; and grant such further and other relief as the Court may deem just and equitable.

## COUNT V
## Avoidance And Recovery Of Actual Fraudulent Transfers
## (Alternative To Count IV)
## Against Neerav N. Amin

40.     The Receiver incorporates the allegations of Paragraphs 19-24 as though fully set forth herein.

41.     Amin received transfers of funds from the Receivership Entities without receiving reasonably equivalent value.

8

42.     At the time that Amin received these transfers, the Receivership Entities were engaged or were about to engage in business or transactions for which their remaining assets were unreasonably small in relation to the business or transaction.

43.     At the time that Amin received these transfers, the Receivership Entities intended to incur, or believed or reasonably should have believed that they would incur debts beyond their ability to pay as they came due.

44.     The amount by which the funds transferred to Amin by the Receivership Entities (as alleged profits) exceeded the amount of the funds transferred to the Receivership Entities by Amin (for fund investment) constituted "Net Gains."

45.     The Net Gains received by Amin constitute actual fraudulent transfers.

WHEREFORE, James L. Kopecky, as Federal Equity Receiver for Jafia, LLC, Sam Ikkurty a/k/a Sreenivas I Rao, Ikkurty Capital LLC d/b/a Rose City Income Fund I, Rose City Income Fund II LP, and Seneca Ventures, LLC respectfully requests that this Court enter judgment in his favor and against defendant Neerav N. Amin in the amount of the Net Gains, plus pre- and post-judgment interest, fees, and costs to the extent provided by law; and grant such further and other relief as the Court may deem just and equitable.

### COUNT VI
### Avoidance And Recovery Of Constructive Fraudulent Transfers
### (Alternative To Counts IV and V)
### Against Neerav N. Amin

46.     The Receiver incorporates the allegations of Paragraphs 19-24 above as though fully set forth herein.

47.     Amin received transfers of funds from the Receivership Entities without receiving reasonably equivalent value.

9

48.     The Receivership Entities were insolvent at the time that Amin received these transfers.

49.     The amount by which the funds transferred to Amin by the Receivership Entities (as alleged profits) exceeded the amount of the funds transferred to the Receivership Entities by Amin (for fund investment) constituted "Net Gains."

50.     The Net Gains received by Amin constitute constructive fraudulent transfers.

WHEREFORE, James L. Kopecky, as Federal Equity Receiver for Jafia, LLC, Sam Ikkurty a/k/a Sreenivas I Rao, Ikkurty Capital LLC d/b/a Rose City Income Fund I, Rose City Income Fund II LP, and Seneca Ventures, LLC respectfully requests that this Court enter judgment in his favor and against defendant Neerav N. Amin in the amount of the Net Gains, plus pre- and post-judgment interest, fees, and costs to the extent provided by law; and grant such further and other relief as the Court may deem just and equitable.

## COUNT VII
### Avoidance And Recovery Of Actual Fraudulent Transfers
### Against Prasanna Kumar Kota

51.     The Receiver incorporates the allegations of Paragraphs 19-24 as though fully set forth herein.

52.     Kota received transfers of funds from the Receivership Entities in connection with the operation of a Ponzi scheme in which the Receivership Entities intended to hinder, delay, or defraud their creditors.

WHEREFORE, James L. Kopecky, as Federal Equity Receiver for Jafia, LLC, Sam Ikkurty a/k/a Sreenivas I Rao, Ikkurty Capital LLC d/b/a Rose City Income Fund I, Rose City Income Fund II LP, and Seneca Ventures, LLC respectfully requests that this Court enter judgment in his favor and against defendant Prasanna Kumar Kota in the amount of the

actual fraudulent transfers by the Receivership Entities to Kota, plus pre- and post-judgment interest, fees, and costs to the extent provided by law; and grant such further and other relief as the Court may deem just and equitable.

**COUNT VIII**
**Avoidance And Recovery Of Actual Fraudulent Transfers**
**(Alternative To Count VII)**
**Against Prasanna Kumar Kota**

53. The Receiver incorporates the allegations of Paragraphs 19-24 as though fully set forth herein.

54. Kota received transfers of funds from the Receivership Entities without receiving reasonably equivalent value.

55. At the time that Kota received these transfers, the Receivership Entities were engaged or were about to engage in business or transactions for which their remaining assets were unreasonably small in relation to the business or transaction.

56. At the time that Kota received these transfers, the Receivership Entities intended to incur, or believed or reasonably should have believed that they would incur debts beyond their ability to pay as they came due.

57. The amount by which the funds transferred to Kota by the Receivership Entities (as alleged profits) exceeded the amount of the funds transferred to the Receivership Entities by Kota (for fund investment) constituted "Net Gains."

58. The Net Gains received by Kota constitute actual fraudulent transfers.

WHEREFORE, James L. Kopecky, as Federal Equity Receiver for Jafia, LLC, Sam Ikkurty a/k/a Sreenivas I Rao, Ikkurty Capital LLC d/b/a Rose City Income Fund I, Rose City Income Fund II LP, and Seneca Ventures, LLC respectfully requests that this Court enter

judgment in his favor and against defendant Prasanna Kumar Kota in the amount of the Net Gains, plus pre- and post-judgment interest, fees, and costs to the extent provided by law; and grant such further and other relief as the Court may deem just and equitable.

**COUNT IX**
**Avoidance And Recovery Of Constructive Fraudulent Transfers**
**(Alternative To Counts VII and VIII)**
**Against Prasanna Kumar Kota**

59.     The Receiver incorporates the allegations of Paragraphs 19-24 above as though fully set forth herein.

60.     Kota received transfers of funds from the Receivership Entities without receiving reasonably equivalent value.

61.     The Receivership Entities were insolvent at the time that Kota received these transfers.

62.     The amount by which the funds transferred to Kota by the Receivership Entities (as alleged profits) exceeded the amount of the funds transferred to the Receivership Entities by Kota (for fund investment) constituted "Net Gains."

63.     The Net Gains received by Kota constitute constructive fraudulent transfers.

WHEREFORE, James L. Kopecky, as Federal Equity Receiver for Jafia, LLC, Sam Ikkurty a/k/a Sreenivas I Rao, Ikkurty Capital LLC d/b/a Rose City Income Fund I, Rose City Income Fund II LP, and Seneca Ventures, LLC respectfully requests that this Court enter judgment in his favor and against defendant Prasanna Kumar Kota in the amount of the Net Gains, plus pre- and post-judgment interest, fees, and costs to the extent provided by law; and grant such further and other relief as the Court may deem just and equitable.

## COUNT X
### Avoidance And Recovery Of Actual Fraudulent Transfers
### Against Bala Kancharla

64.    The Receiver incorporates the allegations of Paragraphs 19-24 as though fully set forth herein.

65.    Kancharla received transfers of funds from the Receivership Entities in connection with the operation of a Ponzi scheme in which the Receivership Entities intended to hinder, delay, or defraud their creditors.

WHEREFORE, James L. Kopecky, as Federal Equity Receiver for Jafia, LLC, Sam Ikkurty a/k/a Sreenivas I Rao, Ikkurty Capital LLC d/b/a Rose City Income Fund I, Rose City Income Fund II LP, and Seneca Ventures, LLC respectfully requests that this Court enter judgment in his favor and against defendant Bala Kancharla in the amount of the actual fraudulent transfers by the Receivership Entities to Kancharla, plus pre- and post-judgment interest, fees, and costs to the extent provided by law; and grant such further and other relief as the Court may deem just and equitable.

## COUNT XI
### Avoidance And Recovery Of Actual Fraudulent Transfers
### (Alternative To Count X)
### Against Bala Kancharla

66.    The Receiver incorporates the allegations of Paragraphs 19-24 as though fully set forth herein.

67.    Kancharla received transfers of funds from the Receivership Entities without receiving reasonably equivalent value.

13

68. At the time that Kancharla received these transfers, the Receivership Entities were engaged or were about to engage in business or transactions for which their remaining assets were unreasonably small in relation to the business or transaction.

69. At the time that Kancharla received these transfers, the Receivership Entities intended to incur, or believed or reasonably should have believed that they would incur debts beyond their ability to pay as they came due.

70. The amount by which the funds transferred to Kancharla by the Receivership Entities (as alleged profits) exceeded the amount of the funds transferred to the Receivership Entities by Kancharla (for fund investment) constituted "Net Gains."

71. The Net Gains received by Kancharla constitute actual fraudulent transfers.

WHEREFORE, James L. Kopecky, as Federal Equity Receiver for Jafia, LLC, Sam Ikkurty a/k/a Sreenivas I Rao, Ikkurty Capital LLC d/b/a Rose City Income Fund I, Rose City Income Fund II LP, and Seneca Ventures, LLC respectfully requests that this Court enter judgment in his favor and against defendant Bala Kancharla in the amount of the Net Gains, plus pre- and post-judgment interest, fees, and costs to the extent provided by law; and grant such further and other relief as the Court may deem just and equitable.

### COUNT XII
### Avoidance And Recovery Of Constructive Fraudulent Transfers
### (Alternative To Counts X and XI)
### Against Bala Kancharla

72. The Receiver incorporates the allegations of Paragraphs 19-24 above as though fully set forth herein.

73. Kancharla received transfers of funds from the Receivership Entities without receiving reasonably equivalent value.

14

74.     The Receivership Entities were insolvent at the time that Kancharla received these transfers.

75.     The amount by which the funds transferred to Kancharla by the Receivership Entities (as alleged profits) exceeded the amount of the funds transferred to the Receivership Entities by Kancharla (for fund investment) constituted "Net Gains."

76.     The Net Gains received by Kancharla constitute constructive fraudulent transfers.

WHEREFORE, James L. Kopecky, as Federal Equity Receiver for Jafia, LLC, Sam Ikkurty a/k/a Sreenivas I Rao, Ikkurty Capital LLC d/b/a Rose City Income Fund I, Rose City Income Fund II LP, and Seneca Ventures, LLC respectfully requests that this Court enter judgment in his favor and against defendant Bala Kancharla in the amount of the Net Gains, plus pre- and post-judgment interest, fees, and costs to the extent provided by law; and grant such further and other relief as the Court may deem just and equitable.

## COUNT XIII
### Avoidance And Recovery Of Actual Fraudulent Transfers
### Against Kumar Sripidam, as Trustee Of The Sripidam Family Trust

77.     The Receiver incorporates the allegations of Paragraphs 19-24 as though fully set forth herein.

78.     Sripidam received transfers of funds from the Receivership Entities in connection with the operation of a Ponzi scheme in which the Receivership Entities intended to hinder, delay, or defraud their creditors.

WHEREFORE, James L. Kopecky, as Federal Equity Receiver for Jafia, LLC, Sam Ikkurty a/k/a Sreenivas I Rao, Ikkurty Capital LLC d/b/a Rose City Income Fund I, Rose City Income Fund II LP, and Seneca Ventures, LLC respectfully requests that this Court enter

judgment in his favor and against defendant Kumar Sripidam, as Trustee of the Sripidam Family Trust, in the amount of the actual fraudulent transfers by the Receivership Entities to Sripidam, plus pre- and post-judgment interest, fees, and costs to the extent provided by law; and grant such further and other relief as the Court may deem just and equitable.

**COUNT XIV**
**Avoidance And Recovery Of Actual Fraudulent Transfers**
**(Alternative To Count XIII)**
**Against Kumar Sripidam, as Trustee Of The Sripidam Family Trust**

79.     The Receiver incorporates the allegations of Paragraphs 19-24 as though fully set forth herein.

80.     Kumar Sripidam, as Trustee of the Sripidam Family Trust, received transfers of funds from the Receivership Entities without receiving reasonably equivalent value.

81.     At the time that Sripidam received these transfers, the Receivership Entities were engaged or were about to engage in business or transactions for which their remaining assets were unreasonably small in relation to the business or transaction.

82.     At the time that Sripidam received these transfers, the Receivership Entities intended to incur, or believed or reasonably should have believed that they would incur debts beyond their ability to pay as they came due.

83.     The amount by which the funds transferred to Sripidam by the Receivership Entities (as alleged profits) exceeded the amount of the funds transferred to the Receivership Entities by Sripidam (for fund investment) constituted "Net Gains."

84.     The Net Gains received by Sripidam constitute actual fraudulent transfers.

WHEREFORE, James L. Kopecky, as Federal Equity Receiver for Jafia, LLC, Sam Ikkurty a/k/a Sreenivas I Rao, Ikkurty Capital LLC d/b/a Rose City Income Fund I, Rose City

Income Fund II LP, and Seneca Ventures, LLC respectfully requests that this Court enter judgment in his favor and against defendant Kumar Sripidam, as Trustee of the Sripidam Family Trust, in the amount of the Net Gains, plus pre- and post-judgment interest, fees, and costs to the extent provided by law; and grant such further and other relief as the Court may deem just and equitable.

**COUNT XV**
**Avoidance And Recovery Of Constructive Fraudulent Transfers**
**(Alternative To Counts XIII and XIV)**
**Against Kumar Sripidam, as Trustee Of The Sripidam Family Trust**

85.     The Receiver incorporates the allegations of Paragraphs 19-24 above as though fully set forth herein.

86.     Kumar Sripidam, as Trustee of the Sripidam Family Trust, received transfers of funds from the Receivership Entities without receiving reasonably equivalent value.

87.     The Receivership Entities were insolvent at the time that Sripidam received these transfers.

88.     The amount by which the funds transferred to Sripidam by the Receivership Entities (as alleged profits) exceeded the amount of the funds transferred to the Receivership Entities by Sripidam (for fund investment) constituted "Net Gains."

89.     The Net Gains received by Sripidam constitute constructive fraudulent transfers.

WHEREFORE, James L. Kopecky, as Federal Equity Receiver for Jafia, LLC, Sam Ikkurty a/k/a Sreenivas I Rao, Ikkurty Capital LLC d/b/a Rose City Income Fund I, Rose City Income Fund II LP, and Seneca Ventures, LLC respectfully requests that this Court enter judgment in his favor and against defendant Kumar Sripidam, as Trustee of the Sripidam Family Trust, in the amount of the Net Gains, plus pre- and post-judgment interest, fees,

and costs to the extent provided by law; and grant such further and other relief as the Court may deem just and equitable.

## COUNT XVI
### Avoidance And Recovery Of Actual Fraudulent Transfers
### Against Radha Madhavi Patnayakuni

90.     The Receiver incorporates the allegations of Paragraphs 19-24 as though fully set forth herein.

91.     Radha Madhavi Patnayakuni received transfers of funds from the Receivership Entities in connection with the operation of a Ponzi scheme in which the Receivership Entities intended to hinder, delay, or defraud their creditors.

WHEREFORE, James L. Kopecky, as Federal Equity Receiver for Jafia, LLC, Sam Ikkurty a/k/a Sreenivas I Rao, Ikkurty Capital LLC d/b/a Rose City Income Fund I, Rose City Income Fund II LP, and Seneca Ventures, LLC respectfully requests that this Court enter judgment in his favor and against defendant Radha Madhavi Patnayakuni in the amount of the actual fraudulent transfers by the Receivership Entities to Patnayakuni, plus pre- and post-judgment interest, fees, and costs to the extent provided by law; and grant such further and other relief as the Court may deem just and equitable.

## COUNT XVII
### Avoidance And Recovery Of Actual Fraudulent Transfers
### (Alternative To Count XVI)
### Against Radha Madhavi Patnayakuni

92.     The Receiver incorporates the allegations of Paragraphs 19-24 as though fully set forth herein.

93.     Radha Madhavi Patnayakuni received transfers of funds from the Receivership Entities without receiving reasonably equivalent value.

94. At the time that Patnayakuni received these transfers, the Receivership Entities were engaged or were about to engage in business or transactions for which their remaining assets were unreasonably small in relation to the business or transaction.

95. At the time that Patnayakuni received these transfers, the Receivership Entities intended to incur, or believed or reasonably should have believed that they would incur debts beyond their ability to pay as they came due.

96. The amount by which the funds transferred to Patnayakuni by the Receivership Entities (as alleged profits) exceeded the amount of the funds transferred to the Receivership Entities by Patnayakuni (for fund investment) constituted "Net Gains."

97. The Net Gains received by Patnayakuni constitute actual fraudulent transfers.

WHEREFORE, James L. Kopecky, as Federal Equity Receiver for Jafia, LLC, Sam Ikkurty a/k/a Sreenivas I Rao, Ikkurty Capital LLC d/b/a Rose City Income Fund I, Rose City Income Fund II LP, and Seneca Ventures, LLC respectfully requests that this Court enter judgment in his favor and against defendant Radha Madhavi Patnayakuni in the amount of the Net Gains, plus pre- and post-judgment interest, fees, and costs to the extent provided by law; and grant such further and other relief as the Court may deem just and equitable.

## COUNT XVIII
### Avoidance And Recovery Of Constructive Fraudulent Transfers
### (Alternative To Counts XVI and XVII)
### Against Radha Madhavi Patnayakuni

98. The Receiver incorporates the allegations of Paragraphs 19-24 above as though fully set forth herein.

99.    Radha Madhavi Patnayakuni received transfers of funds from the Receivership Entities without receiving reasonably equivalent value.

100.    The Receivership Entities were insolvent at the time that Patnayakuni received these transfers.

101.    The amount by which the funds transferred to Patnayakuni by the Receivership Entities (as alleged profits) exceeded the amount of the funds transferred to the Receivership Entities by Patnayakuni (for fund investment) constituted "Net Gains."

102.    The Net Gains received by Patnayakuni constitute constructive fraudulent transfers.

WHEREFORE, James L. Kopecky, as Federal Equity Receiver for Jafia, LLC, Sam Ikkurty a/k/a Sreenivas I Rao, Ikkurty Capital LLC d/b/a Rose City Income Fund I, Rose City Income Fund II LP, and Seneca Ventures, LLC respectfully requests that this Court enter judgment in his favor and against defendant Radha Madhavi Patnayakuni in the amount of the Net Gains, plus pre- and post-judgment interest, fees, and costs to the extent provided by law; and grant such further and other relief as the Court may deem just and equitable.

### COUNT XIX
### Avoidance And Recovery Of Actual Fraudulent Transfers
### Against Srinivas Bheemreddy

103.    The Receiver incorporates the allegations of Paragraphs 19-24 as though fully set forth herein.

104.    Srinivas Bheemreddy received transfers of funds from the Receivership Entities in connection with the operation of a Ponzi scheme in which the Receivership Entities intended to hinder, delay, or defraud their creditors.

20

WHEREFORE, James L. Kopecky, as Federal Equity Receiver for Jafia, LLC, Sam Ikkurty a/k/a Sreenivas I Rao, Ikkurty Capital LLC d/b/a Rose City Income Fund I, Rose City Income Fund II LP, and Seneca Ventures, LLC respectfully requests that this Court enter judgment in his favor and against defendant Srinivas Bheemreddy in the amount of the actual fraudulent transfers by the Receivership Entities to Bheemreddy, plus pre- and post-judgment interest, fees, and costs to the extent provided by law; and grant such further and other relief as the Court may deem just and equitable.

### COUNT XX
### Avoidance And Recovery Of Actual Fraudulent Transfers
### (Alternative To Count XIX)
### Against Srinivas Bheemreddy

105.　The Receiver incorporates the allegations of Paragraphs 19-24 as though fully set forth herein.

106.　Srinivas Bheemreddy received transfers of funds from the Receivership Entities without receiving reasonably equivalent value.

107.　At the time that Bheemreddy received these transfers, the Receivership Entities were engaged or were about to engage in business or transactions for which their remaining assets were unreasonably small in relation to the business or transaction.

108.　At the time that Bheemreddy received these transfers, the Receivership Entities intended to incur, or believed or reasonably should have believed that they would incur debts beyond their ability to pay as they came due.

109.　The amount by which the funds transferred to Bheemreddy by the Receivership Entities (as alleged profits) exceeded the amount of the funds transferred to the Receivership Entities by Bheemreddy (for fund investment) constituted "Net Gains."

21

110.    The Net Gains received by Bheemreddy constitute actual fraudulent transfers.

WHEREFORE, James L. Kopecky, as Federal Equity Receiver for Jafia, LLC, Sam Ikkurty a/k/a Sreenivas I Rao, Ikkurty Capital LLC d/b/a Rose City Income Fund I, Rose City Income Fund II LP, and Seneca Ventures, LLC respectfully requests that this Court enter judgment in his favor and against defendant Srinivas Bheemreddy in the amount of the Net Gains, plus pre- and post-judgment interest, fees, and costs to the extent provided by law; and grant such further and other relief as the Court may deem just and equitable.

### COUNT XXI
**Avoidance And Recovery Of Constructive Fraudulent Transfers**
**(Alternative To Counts XIX and XX)**
**Against Srinivas Bheemreddy**

111.    The Receiver incorporates the allegations of Paragraphs 19-24 above as though fully set forth herein.

112.    Srinivas Bheemreddy received transfers of funds from the Receivership Entities without receiving reasonably equivalent value.

113.    The Receivership Entities were insolvent at the time that Bheemreddy received these transfers.

114.    The amount by which the funds transferred to Bheemreddy by the Receivership Entities (as alleged profits) exceeded the amount of the funds transferred to the Receivership Entities by Bheemreddy (for fund investment) constituted "Net Gains."

115.    The Net Gains received by Bheemreddy constitute constructive fraudulent transfers.

WHEREFORE, James L. Kopecky, as Federal Equity Receiver for Jafia, LLC, Sam Ikkurty a/k/a Sreenivas I Rao, Ikkurty Capital LLC d/b/a Rose City Income Fund I, Rose City Income Fund II LP, and Seneca Ventures, LLC respectfully requests that this Court enter judgment in his favor and against defendant Srinivas Bheemreddy in the amount of the Net Gains, plus pre- and post-judgment interest, fees, and costs to the extent provided by law; and grant such further and other relief as the Court may deem just and equitable.

## COUNT XXII
### Avoidance And Recovery Of Actual Fraudulent Transfers
### Against Priya Patil

116.    The Receiver incorporates the allegations of Paragraphs19-24 as though fully set forth herein.

117.    Priya Patil received transfers of funds from the Receivership Entities in connection with the operation of a Ponzi scheme in which the Receivership Entities intended to hinder, delay, or defraud their creditors.

WHEREFORE, James L. Kopecky, as Federal Equity Receiver for Jafia, LLC, Sam Ikkurty a/k/a Sreenivas I Rao, Ikkurty Capital LLC d/b/a Rose City Income Fund I, Rose City Income Fund II LP, and Seneca Ventures, LLC respectfully requests that this Court enter judgment in his favor and against defendant Priya Patil in the amount of the actual fraudulent transfers by the Receivership Entities to Patil, plus pre- and post-judgment interest, fees, and costs to the extent provided by law; and grant such further and other relief as the Court may deem just and equitable.

## COUNT XXIII
### Avoidance And Recovery Of Actual Fraudulent Transfers
### (Alternative To Count XXII)
### Against Priya Patil

118.    The Receiver incorporates the allegations of Paragraphs 19-24 as though fully set forth herein.

119.    Priya Patil received transfers of funds from the Receivership Entities without receiving reasonably equivalent value.

120.    At the time that Patil received these transfers, the Receivership Entities were engaged or were about to engage in business or transactions for which their remaining assets were unreasonably small in relation to the business or transaction.

121.    At the time that Patil received these transfers, the Receivership Entities intended to incur, or believed or reasonably should have believed that they would incur debts beyond their ability to pay as they came due.

122.    The amount by which the funds transferred to Patil by the Receivership Entities (as alleged profits) exceeded the amount of the funds transferred to the Receivership Entities by Patil (for fund investment) constituted "Net Gains."

123.    The Net Gains received by Patil constitute actual fraudulent transfers.

WHEREFORE, James L. Kopecky, as Federal Equity Receiver for Jafia, LLC, Sam Ikkurty a/k/a Sreenivas I Rao, Ikkurty Capital LLC d/b/a Rose City Income Fund I, Rose City Income Fund II LP, and Seneca Ventures, LLC respectfully requests that this Court enter judgment in his favor and against defendant Priya Patil in the amount of the Net Gains, plus pre- and post-judgment interest, fees, and costs to the extent provided by law; and grant such further and other relief as the Court may deem just and equitable.

24

## COUNT XXIV
### Avoidance And Recovery Of Constructive Fraudulent Transfers
### (Alternative To Counts XXII and XXIII)
### Against Priya Patil

124.    The Receiver incorporates the allegations of Paragraphs 19-24 above as though fully set forth herein.

125.    Priya Patil received transfers of funds from the Receivership Entities without receiving reasonably equivalent value.

126.    The Receivership Entities were insolvent at the time that Patil received these transfers.

127.    The amount by which the funds transferred to Patil by the Receivership Entities (as alleged profits) exceeded the amount of the funds transferred to the Receivership Entities by Patil (for fund investment) constituted "Net Gains."

128.    The Net Gains received by Patil constitute constructive fraudulent transfers.

WHEREFORE, James L. Kopecky, as Federal Equity Receiver for Jafia, LLC, Sam Ikkurty a/k/a Sreenivas I Rao, Ikkurty Capital LLC d/b/a Rose City Income Fund I, Rose City Income Fund II LP, and Seneca Ventures, LLC respectfully requests that this Court enter judgment in his favor and against defendant Priya Patil in the amount of the Net Gains, plus pre- and post-judgment interest, fees, and costs to the extent provided by law; and grant such further and other relief as the Court may deem just and equitable.

## COUNT XXV
### Avoidance And Recovery Of Actual Fraudulent Transfers
### Against Sun Shine IRA, LLC, Poojitha Kuraganti, and Sunil Oleti

129.    The Receiver incorporates the allegations of Paragraphs 19-24 as though fully set forth herein.

130. Sun Shine IRA received transfers of funds from the Receivership Entities in connection with the operation of a Ponzi scheme in which the Receivership Entities intended to hinder, delay, or defraud their creditors.

WHEREFORE, James L. Kopecky, as Federal Equity Receiver for Jafia, LLC, Sam Ikkurty a/k/a Sreenivas I Rao, Ikkurty Capital LLC d/b/a Rose City Income Fund I, Rose City Income Fund II LP, and Seneca Ventures, LLC respectfully requests that this Court enter judgment in his favor and against defendants Sun Shine IRA, Poojitha Kuraganti, and Sunil Oleti in the amount of the actual fraudulent transfers by the Receivership Entities to Sun Shine IRA, plus pre- and post-judgment interest, fees, and costs to the extent provided by law; and grant such further and other relief as the Court may deem just and equitable.

## COUNT XXVI
### Avoidance And Recovery Of Actual Fraudulent Transfers
### (Alternative To Count XXV)
### Against Sun Shine IRA, LLC, Poojitha Kuraganti, and Sunil Oleti

131. The Receiver incorporates the allegations of Paragraphs 19-24 as though fully set forth herein.

132. Sun Shine IRA received transfers of funds from the Receivership Entities without receiving reasonably equivalent value.

133. At the time that Sun Shine IRA received these transfers, the Receivership Entities were engaged or were about to engage in business or transactions for which their remaining assets were unreasonably small in relation to the business or transaction.

134. At the time that Sun Shine IRA received these transfers, the Receivership Entities intended to incur, or believed or reasonably should have believed that they would incur debts beyond their ability to pay as they came due.

26

135.    The amount by which the funds transferred to Sun Shine IRA by the

Receivership Entities (as alleged profits) exceeded the amount of the funds transferred to

the Receivership Entities by Sun Shine IRA (for fund investment) constituted "Net Gains."

136.    The Net Gains received by Sun Shine IRA constitute actual fraudulent

transfers.

WHEREFORE, James L. Kopecky, as Federal Equity Receiver for Jafia, LLC, Sam

Ikkurty a/k/a Sreenivas I Rao, Ikkurty Capital LLC d/b/a Rose City Income Fund I, Rose City

Income Fund II LP, and Seneca Ventures, LLC respectfully requests that this Court enter

judgment in his favor and against defendants Sun Shine IRA, LLC, Poojitha Kuraganti, and

Sunil Oleti in the amount of the Net Gains, plus pre- and post-judgment interest, fees, and

costs to the extent provided by law; and grant such further and other relief as the Court

may deem just and equitable.

**COUNT XXVII**
**Avoidance And Recovery Of Constructive Fraudulent Transfers**
**(Alternative To Counts XXV and XXVI)**
**Against Sun Shine IRA, LLC, Poojitha Kuraganti, and Sunil Oleti**

137.    The Receiver incorporates the allegations of Paragraphs 19-24 above as

though fully set forth herein.

138.    Sun Shine IRA received transfers of funds from the Receivership Entities

without receiving reasonably equivalent value.

139.    The Receivership Entities were insolvent at the time that Sun Shine IRA

received these transfers.

140. The amount by which the funds transferred to Sun Shine IRA by the Receivership Entities (as alleged profits) exceeded the amount of the funds transferred to the Receivership Entities by Sun Shine IRA (for fund investment) constituted "Net Gains."

141. The Net Gains received by Sun Shine IRA constitute constructive fraudulent transfers.

WHEREFORE, James L. Kopecky, as Federal Equity Receiver for Jafia, LLC, Sam Ikkurty a/k/a Sreenivas I Rao, Ikkurty Capital LLC d/b/a Rose City Income Fund I, Rose City Income Fund II LP, and Seneca Ventures, LLC respectfully requests that this Court enter judgment in his favor and against defendants Sun Shine IRA, LLC, Poojitha Kuraganti, and Sunil Oleti in the amount of the Net Gains, plus pre- and post-judgment interest, fees, and costs to the extent provided by law; and grant such further and other relief as the Court may deem just and equitable.

Dated: February 7, 2025

Respectfully submitted,

JAMES L. KOPECKY, FEDERAL EQUITY RECEIVER FOR JAFIA, LLC, SAM IKKURTY A/K/A SREENIVAS I RAO, IKKURTY CAPITAL LLC D/B/A ROSE CITY INCOME FUND I, ROSE CITY INCOME FUND II LP, AND SENECA VENTURES, LLC, *etc*.

*/s/ Andrew Eliot Porter*
Carpenter Lipps LLP
180 North LaSalle Street, Suite 2105
Chicago, Illinois 60601
(312) 777-4825
*porter@carpenterlipps.com*